IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-50065
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANGEL RAMIREZ-GONZALEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:07-CR-1856-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Angel Ramirez-Gonzalez appeals the 24-month sentence imposed for his

guilty plea conviction of unlawfully reentering the United States following depor-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

tation in violation of 8 U.S.C. § 1326. The sentence is within a properly calculated advisory guidelines range that reflects a four-level enhancement based on a prior felony conviction. Ramirez-Gonzalez contends that, in light of his personal circumstances and the circumstances surrounding his offense, his sentence is unreasonable because it is greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a).

Following United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence is procedurally sound. Id. at 597. Thereafter, we decide whether it is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Citing Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2462, Ramirez-Gonzalez argues that his within-guidelines sentence should not be accorded a presumption of reasonableness. He contends that the justification for applying that presumption is undercut because U.S.S.G. § 2L1.2(b), used to calculate his guideline range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." Ramirez-Gonzalez portrays Kimbrough as having "suggested" that the appellate presumption should not be applied to guidelines that do not take account of that data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented there was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." Kimbrough, 128 S. Ct. at 564. Speaking specifically to the crack cocaine guidelines, the Court merely ruled that "it would not be an abuse of discretion for a district court to conclude when sen-

tencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. The Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), cert. denied, 2008 U.S. LEXIS 6277 (U.S. Oct. 6, 2008), which involves a similar challenge to § 2L1.2.

The appellate presumption is therefore applicable here. After reviewing for procedural errors and considering the substantive reasonableness of the sentence, we conclude that Ramirez-Gonzalez's appellate arguments fail to rebut that presumption of reasonableness, so the judgment is AFFIRMED.